BROCKWAY, Adm'r, etc., *v.* CONNECTICUT MUT. LIFE INS. Co.

*(Circuit Court, W. D. Pennsylvania.* February 4, 1887.)

1. LIFE INSURANCE—ACTION—PARTIES.
    Where, on the application of S. as the declared beneficiary, he also paying the premiums, a policy of insurance was issued upon the life of B., the sum insured to be paid to the "assured," *held,* that S. was the assured and promisee, and an action on the policy by the personal representative of B. was not maintainable.

2. SAME—ASSIGNMENT—CONSENT OF COMPANY.
    The fact that after the date of the policy an assignment thereof by B. to S. was indorsed thereon, without the concurrence of the insurance company, is an immaterial circumstance, neither changing the contract relations of the parties, nor importing their mutual understanding of their contract.

At Law. *Sur* demurrer to plaintiff's declaration.
*B. F. Hughes,* for plaintiff.
*W. S. Purviance,* for defendant and demurrer.

ACHESON, J. This suit is upon a policy of insurance on the life of Beckwith S. Brockway, issued upon the written proposal of Daniel F. Seybert, setting forth the latter's desire to effect the proposed insurance, and that he had an interest to the full amount thereof in the life of said Brockway. To the inquiry, "for whose benefit the assurance is proposed," the written answer was, "Daniel F. Seybert." The original annual premium and the second annual premium, the only ones ever paid, were both paid by Seybert. By the terms of the policy the defendant company promises and agrees, "to and with the said assured," to pay the sum insured "to the said assured, his executors, administrators, or assigns," etc. The proposal and answers are expressly made part of the policy, and all are embodied *in extenso* in the plaintiff's declaration. The demurrer raises the question whether the right of action is in the plaintiff, the administrator of Beckwith S. Brockway, deceased, or in Daniel F. Seybert. The question is to be solved by ascertaining the person meant by the term "assured," as the same is used in the policy.

Now, as already stated, and as clearly appears on the face of the papers constituting the contract, Daniel F. Seybert was the applicant for the policy, in his proposal therefor claimed to have an interest in Brockway's life to the entire amount insured, was the declared beneficiary, and paid the premiums. In the absence, then, of anything indicating a contrary intention, the conclusion is irresistible that Seybert was the as-

sured and promisee. The point, indeed, is ruled by the case of *Connecticut Mut. Life Ins. Co.* v. *Luchs*, 108 U. S. 498, 2 Sup. Ct. Rep. 949. The policy of insurance sued on there and the one in suit here are in form precisely alike, and in their material facts the two cases do not differ. That some two months after the date of the policy an assignment from Brockway to Seybert was indorsed thereon seems to me an unimportant circumstance. The insurance company was not a party to that assignment, and never approved it. It was altogether an *ex parte* transaction. Therefore it cannot have the effect of changing the contract relations of the parties, nor does it import their mutual understanding of their contract. At most, it indicates only that Seybert and Brockway conceived it to be necessary that the policy should be so assigned.

I am of opinion that the declaration does not disclose any cause or right of action existing in the plaintiff, and that the demurrer must be sustained.